**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA 9184)
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
AMIN LAFRANCO PEQUERO,
on behalf of himself and other similarly situated       COMPLAINT
individuals
                                     Plaintiff,       FLSA COLLECTIVE
                                                           ACTION

    -against-       ECF CASE

MONTAFON LLC d/b/a MONT BLANC 52,
and BALZ EGGIMANN, and MARIA LOHMEYER,
individually,
                                           Defendants.
-----------------------------------------------------------------------------X

Plaintiff Amin Lafranco Pequero ("Pequero" or "Plaintiff") on behalf of himself and all other similarly situated employees, by and through his attorney, The Law Offices of Jacob Aronauer, complaining of Montafon LLC ("Montafon") d/b/a Mont Blanc 52, and Balz Eggiman ("Eggiman") and Maria Lohmeyer ("Lohmeyer"), individually (collectively the "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff and all other similarly situated employees to recover overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2. Plaintiff and the collective class work or have worked as cooks, prep cooks, salad makers, dishwashers, and delivery people for Mont Blanc 52.

3. Mont Blanc 52 is located in New York, New York.

4. Mont Blanc 5 is owned by Balz Eggimann.

5. Mont Blanc 5 is managed by Maria Lohmeyer.

6. Plaintiff brings this action on behalf of himself and all similarly-situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Mont Blanc 52.

7. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

8. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

10. This Court has supplemental jurisdiction over the New York State law claims under the principles of pendent and ancillary jurisdiction.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein within the Eastern District of New York.

## PARTIES

**Plaintiff Amin Lafranco Pequero**

12. From December 2017 through December 5, 2018 Pequero worked as a salad maker at Mont Blanc 52.

13. Pequero is a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Balz Eggimann**

14. Upon information and belief, Eggimann owns, maintains control, oversight and the direction of Mont Blanc 52.

15. Defendant Eggimann is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Mont Blanc 52.

16. Defendant Eggimann exercises sufficient control over Mont Blanc 52 to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Mont Blanc 52.

17. Defendant Eggimann has employed Plaintiff and similarly situated employees at all times relevant.

18. Defendant Eggimann has substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

**Defendant Maria Lohmeyer**

19. On information and belief, Lohmeyer maintains control, oversight and the direction of Mont Blanc 52.

20. Defendant Lohmeyer is a person engaged in business in New York County, who is sued individually in her capacity as an officer and/or agent of Mont Blanc 52. Defendant

Lohmeyer exercises sufficient control over Mont Blanc 52 to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Mont Blanc 52.

21. Defendant Lohmeyer has employed Plaintiff and similarly situated employees at all times relevant.

22. Defendant Lohmeyer has substantial control over Plaintiff's and similarly situated employees' working conditions and the practices alleged herein.

**Montafon LLC**

23. Montafon LLC is a domestic business corporation doing business as Mont Blanc 52, having its principal place of business located at 334 West 52nd St., New York, New York 10019.

24. On information and belief, Eggimann is the Chief Executive Officer of Montafon.

25. At all times relevant to this action, Montafon was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

26. On information and belief, Montafon has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**COLLECTIVE ACTION ALLEGATIONS**

27. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of

Mont Blanc 52 since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

28. The FLSA Collective consists of approximately twenty (20) or so similarly situated current and former cooks, salad makers, waiters, and dishwashers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

29. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

    ii. failing to furnish employees with wage notices as required by the NYLL.

30. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

31. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

32. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

33. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

34. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

**Plaintiff Pequero's Employment at Mont Blanc 52**

35. From December 2017 through December 5, 2018, Defendants employed Plaintiff, without interruption, primarily as a salad maker.

36. Plaintiff was also required to wash dishes, clean the restaurant, and do prep cook work.

37. Throughout Plaintiff's employment with Defendants, Plaintiff worked at Mont Blanc 52.

38. From December 2017 to July 2018 during Plaintiff's employment with Defendants, Plaintiff was scheduled to work more than forty hours per week.

39. Plaintiff was never paid overtime for his hours worked in excess of forty hours per week.

40. From December 2017 to July 2018, Plaintiff was scheduled to work from 3:00 p.m. to 12:00 a.m. every day except Friday, his day off.

41. During this time period Plaintiff worked for a total of 54 hours per week.

42. From December 2017 to July 2018, Defendants did not require Plaintiff to "clock in" or "clock out" each day.

43. Beginning in August 2018, Defendants reduced Plaintiff's and the FLSA Collective's hours and began to require Plaintiff and the FLSA Collective to clock in and out.

44. On information and belief, the change in company policy that reduced Plaintiff's and the FLSA Collective's hours and required them to punch in and out was due to a former employee retaining counsel and resolving a claim under the FLSA and NYLL.

45. Plaintiff did not receive any breaks in the course of his employment.

46. Throughout the majority of Plaintiff's employment, each week Defendants paid Plaintiff on Saturday for his prior week's work by check.

47. Throughout his employment, Plaintiff received $800 per week for his work with Defendants.

48. Although Plaintiff was paid by check with a paystub, the paystub only listed the gross amount that Plaintiff was paid.

49. Plaintiff's paystubs did not list his hourly rate of pay, overtime rate of pay, the total hours he worked in the pay period or any deductions or allowances claimed.

**Defendants' Violations of the Wage Theft Protection Act**

50. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

51. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular

hours worked and the number of overtime hours worked, and any deductions or allowances claimed, if any.

52. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

53. Upon information and belief, wage notices were never given to or signed by any other employee at Mont Blanc 52.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**

54. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

56. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

57. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

58. Defendants' decision not to pay overtime was willful.

59. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

60. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. At all times relevant to this action, Plaintiff and the FLSA Collective were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

62. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and one-half (1.5) times the regular hourly rate of pay, in violation of the NYLL.

63. Defendants' failure to pay required overtime was willful.

64. As a result of Defendants' NYLL violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

65. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

68. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees and costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

# FOURTH CAUSE OF ACTION
## New York Labor Law – Failure to Provide Wage Statements

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

71. Through their knowing or intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

72. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees and costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Montafon LLC d/b/a Mont Blanc 52, and Balz Eggimann and Maria Lohmeyer, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: December 26, 2018
New York, New York

Respectfully submitted,

/s *Jacob Aronauer*
Jacob Aronauer (JA: 9184)
*Attorney for Plaintiff*