The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

August 21, 2020

**Via ECF**
Magistrate Judge Debra C. Freeman
United States District Court
500 Pearl St.
Courtroom 17A
New York, NY 10007

    Re:    Pequero et al. v. Montafon et al.
             18-cv-12187-DCF

Dear Judge Freeman:

This office represents Plaintiffs Amin LaFranco Pequero ("Pequero), Ruben Mojica ("Mojica"), and Henry Martinez ("Martinez") (collectively, "Plaintiffs") in the above captioned matter. Plaintiffs, together with Defendants Montafon LLC d/b/a Mont Blanc 52 and Balz Eggimann and Maria Lohmeyer, individually (collectively, "Defendants") request that the Court approve the signed settlement reached in this matter. A copy of the settlement agreement is annexed.

## Overview

Mont Blanc is a Swiss-Austrian restaurant located in Hell's Kitchen in Manhattan. Plaintiffs believe that Balz Eggimann is the owner of Mont Blanc and that Defendant Maria Lohmeyer managed the restaurant.

The parties dispute as to the number of hours that Plaintiffs worked for Defendants; and whether Plaintiffs' salaries were inclusive of overtime. Pequero alleges that he worked for Defendants between December 2017 and December 5, 2018, and that for the period between December 2017 and July 2018 he worked 54 hours per week. Pequero also alleges that his salary was not inclusive of overtime pay. Mojica alleges that he worked for Defendants between June 2017 and February 16, 2019, and that for the period between June 2017 and July 2018 he worked 48 hours per week. Mojica also alleges that his salary was not inclusive of overtime pay. Martinez alleges that he worked for Defendants between May 2017 and May 2018, and that he worked 43-54 hours per week. Martinez also alleges that his salary was not inclusive of overtime pay.

In contrast, Defendants claim that Plaintiffs never worked more than 40 hours per week and were always paid in compliance with the FLSA and NYLL. Defendants provided documentary evidence in support of their position.

Plaintiffs believe that they could recover approximately $41,249.14 in unpaid overtime wages. This number, though, does not include notice damages, liquidated damages, prejudgment interest or attorneys' fees.

## History of Lawsuit

On December 26, 2018, Plaintiffs commenced this action against Defendants. Plaintiffs filed an amended complaint on June 10, 2019, and a second amended complaint on August 7, 2019. Plaintiffs sued on behalf of themselves and others similarly situated for failure to provide annual wage notices or wage statements under the New York Labor Law ("NYLL"); and for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the NYLL.

On May 31, 2019, Plaintiffs filed a motion for conditional certification under the FLSA. On June 3, 2019, the Court denied Plaintiffs' motion without prejudice, based on the Court's granting leave to file an amended complaint. Plaintiffs re-filed a motion for conditional certification on June 10, 2019. On September 11, 2019, the court again denied Plaintiffs' motion without prejudice, based on the Court's granting leave to file a second amended complaint. Plaintiffs filed an additional motion for conditional certification on September 18, 2019. On June 15, 2020, the Court granted in part and denied in part Plaintiffs' motion for conditional certification, granting conditional collective action certification only to a class of dishwashers and salad makers employed by Mont Blanc from December 26, 2015 to the present.

While the parties had engaged in settlement discussions throughout this case, settlement negotiations became more meaningful after the Court's ruling with respect to conditional certification. Shortly before the information of the potential opt-ins was due to be provided by Defendants to Plaintiffs, the parties settled this matter in principle.

Defendants deserve credit for negotiating in good faith and offering significant money in one lump sum payment. On August 3, 2020, the parties informed the Court that they had reached a settlement in principle (dkt75).

## Fairness and Reasonableness of the Settlement

The settlement sum is $50,000.00. The settlement agreement provides that the settlement amount will be allocated as follows: Plaintiffs will receive $33,333.33 and counsel will receive $16,666.67 (inclusive of fees and expenses). Plaintiffs' portion of the settlement amount will be divided as follows: Pequero will receive $11,613.10; Mojica will receive $10,831.81; and Martinez will receive $10,888.42. Plaintiffs' counsel fronted the litigation costs, totaling $1,838.19 (the filing fee, cost of service and deposition costs). Plaintiffs' counsel, though, is not seeking to be reimbursed for expenses. This enables each Plaintiff to receive approximately an additional $600 each—not an insignificant sum when considering their line of work. In light of the size of the business (a small 'mom and pop' restaurant') and Covid-19--which was particularly brutal on restaurants--in New York City, Plaintiffs' counsel believes that Plaintiffs are making the correct decision in accepting Defendants' offer. Indeed, Plaintiffs—admittedly before attorney fees—are recovering

more than their lost wages and will be made whole in less than a month after Court approval of the settlement.

A bona fide dispute exists with respect to wages owed/paid, hours worked, and whether Plaintiffs could prove entitlement to liquidated damages. Counsel for the Parties herein discussed these issues at length in a series of telephone calls and email exchanges and all agreed that in light of this bona fide dispute about the extent of damages, settlement would bring both sides certainty and a quick resolution, and so settlement would be in the best interests of both parties.

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion. *Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (*citing Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." Id. As previously mentioned, for the range of recovery, Plaintiffs will receive more than 100% of their unpaid overtime owed (according to Plaintiffs' calculations). Since Defendants argued that Plaintiffs worked fewer hours, and moreover that Plaintiffs were not owed any additional money for their overtime hours worked, Plaintiffs risked obtaining even less than the settlement amount. As discussed earlier, the current economic climate was also a factor in reaching this settlement – Defendants made representation that their business was negatively impacted by COVID-19, and thus could not afford to offer a higher settlement amount.

Plaintiffs also risked winning at trial but being stuck with an empty judgment. Of course, if the Court had found that Plaintiffs had succeeded on all of their claims, Plaintiffs' recovery (when taking into consideration unpaid overtime wages, notice damages, liquidated damages, prejudgment interest, and attorneys' fees) could have been much higher than the settlement amount. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." Id. This settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiffs' attorneys' fees, and relieve Defendants of the burden of further defending a federal court action.

As the Court is undoubtedly aware, many settlements in FLSA cases call for lengthy payouts. The fact that Plaintiffs will be paid in one lump sum is advantageous to Plaintiffs.

The parties jointly represent to the Court that the settlement agreement is fair to Plaintiffs, reasonably resolves bona fide disagreements between the parties about the merits of Plaintiffs' claims, and demonstrates a good faith intention by Plaintiffs and Defendants that their claims for liability and damages be fully and finally resolved and not re-litigated in the future.

### **Work Performed by Plaintiffs' Counsel**

Plaintiffs' counsel will receive one-third of the settlement amount. We respectfully submit the allocation of 33.33% for Plaintiffs' counsel should be approved. *See Rangel v. 639 Grant St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (Judge Bloom awarding plaintiff's counsel one-third of the settlement amount, plus costs); *see also, Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13, 2018); *see also, Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 50 F.3d 229, 239 (2d Cir. 2007); *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp.2d 2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement).

Plaintiffs' counsel performed critical work. Plaintiffs' counsel met with Plaintiffs on multiple occasions and diligently researched the corporate Defendants' business, as well as the overall strength of Plaintiffs' claims. Plaintiffs' counsel drafted two amended complaints, as well as multiple motions for conditional certification. Plaintiffs' counsel also performed damages calculations, drafted and responded to discovery requests, and prepared for and conducted depositions.

### **Attorneys' Fees and Counsel's Qualifications**

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. From 2018-2020, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Paralegals in this case employed by Mr. Aronauer's firm charged $150 per hour. Jacob Aronauer has litigated over 100 wage and hour cases over the past seven years.

Mr. Aronauer's hourly rate is $400 an hour. Mr. Aronauer's requested hourly rate of $350 an hour was approved in *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *11-12 (S.D.N.Y. Oct. 25, 2019). This is a competitive rate in relation to what similarly situated attorneys charge. Paralegals in this case charged $150 per hour. This paralegal rate was likewise approved in *Thomas*. Id.

In addition, we ask that the Court note that Plaintiffs' counsel is receiving approximately $1,800 less than he could recover by not seeking to be reimbursed for expenses.

Finally, the proposed allocation was negotiated and agreed to between the Plaintiffs and the Plaintiffs' counsel. Nothing additional is to be paid by Plaintiffs to the Plaintiffs' counsel.

## **Conclusion**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiffs, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiffs*

cc: **Via ECF**
   *All attorneys on record*